UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                  Case No. 21-49742

HAROLD J. JACKSON, JR., *pro se,*                       Chapter 7

        Debtor.                                  Judge Thomas J. Tucker
_____/

**ORDER DENYING THE DEBTOR'S MOTION ENTITLED "MOTION AND REQUEST FOR HEARING TO SHOW CAUSE WHY CREDITORS WELLS FARGO BANK N.A., TROTT LAW AND 36TH DISTRICT COURT JUDGE SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING THE AUTOMATIC STAY AND FOR SANCTIONS"**

This case is before the Court on a motion by the Debtor, entitled "Motion and Request for Hearing to Show Cause Why Creditors Wells Fargo Bank N.A., Trott Law and 36th District Court Judge Should Not Be Held in Contempt for Violating the Automatic Stay and for Sanctions," filed on February 28, 2022 (Docket # 29, the "Motion"). The Court will deny the Motion, for the following reasons.

First, there is no procedure under the Federal Rules of Bankruptcy Procedure or local bankruptcy rules for a party to move for an order to show cause. If the Debtor wishes to seek relief for a party's failure to comply with an order of the Court, the Debtor may file a motion for an order holding the creditor in contempt and for contempt-related relief. Any such motion must comply with L.B.R. 9014-1 (E.D. Mich.). But a motion for contempt is not the proper motion in the situation described in the Motion, because the Debtor does not allege that any order of this Court was violated. The automatic stay is not a court order; rather, it is a statutory injunction. A motion seeking relief for an alleged violation of the automatic stay under 11 U.S.C. § 362(k) is the proper motion for this situation.

Second, the Motion does not allege any action or omission by the creditor, the creditor's

attorneys, or the state court judge that is a violation of the automatic stay under 11 U.S.C. § 362(a).

The Debtor alleges that after receiving notice of the Debtor's bankruptcy case, the state court judge only adjourned a hearing on the creditor's request for a judgment of possession on real property in which the Debtor had an interest, "instead [o]f closing the case." (Mot. at ¶ 2.) But merely adjourning a state court matter, or failing or refusing to cause a pending state court lawsuit to be closed or dismissed, without more, is not a violation of the automatic stay. *Cf. Worthy v. World Wide Fin. Servs., Inc.*, 347 F. Supp. 2d 502, 508–09, (E.D. Mich. 2004), *aff'd*, 192 F. App'x 369 (6th Cir. 2006) (footnote omitted) (citation omitted) (holding that "a postponement of a sheriff's sale in accordance with state law does not violate 11 U.S.C. § 362"); *Taylor v. Slick*, 178 F.3d 698, 701-02 (3d Cir. 1999) (citations omitted) (same); *First Nat'l Bank of Anchorage and Alaska Title Guar. Co. v. Roach* (*In re Roach*), 660 F.2d 1316, 1318 (9th Cir. 1981) (same); *Perez v. Deutsche Bank Nat'l Trust Co.* (*In re Perez*), 556 B.R. 527, 537 (B.A.P. 1st Cir. 2016) (same).

Therefore, the state court judge's adjournment of the hearing on the creditor's request for a judgment of possession, rather than closing or dismissing the state court case, was not a violation of the automatic stay.[1] Nor was the creditor's failure or refusal to cause the state court lawsuit to be closed or dismissed, without more, a violation of the automatic stay.

---

[1] The Motion alleges that on December 20, 2021 (three days after the Debtor filed this bankruptcy case), the state court judge scheduled an adjourned hearing date for February 18, 2022. (Mot. at ¶ 2). But the Motion, which was filed on February 28, 2022, does not say what if anything happened with or at the February 18, 2022 adjourned hearing. Was the hearing held? If so, what happened? If not, was it further adjourned, or cancelled? What has happened, if anything, in the state court action after December 20, 2021? The Motion says nothing about any of these questions.

Accordingly,

IT IS ORDERED that the Motion (Docket # 29) is denied.

**Signed on March 2, 2022**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**